**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 1 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
Margarita Ramos

Case No.: 18-22192

Judge: ABA

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: March 31, 2020

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: MR    Initial Debtor: MR    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____90.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____May 1, 2020_____ for approximately _____38_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

  ☒    Future earnings

  ☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

  ☐  Sale of real property
  Description:
  Proposed date for completion: _____

  ☐  Refinance of real property:
  Description:
  Proposed date for completion: _____

  ☐  Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

  a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

  b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

  a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $3,135.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

  b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
   Check one:

  ☒ None

  ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4:  Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence:  ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506:  ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Credit Acceptance Corp. | 2005 Honda Element | Unknown | Unknown |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Toyota Motor Credit: payments on 2012 Toyota Corolla

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| | | |

### Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ 3,135.00 to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

**Part 6:    Executory Contracts and Unexpired Leases   ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Delsea Woods | None | Lot Rent | Assumption | $565.00 |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Expenses
3) Secured Claims
4) Priority Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: July 26, 2018                          .

| Explain below **why** the plan is being modified:<br>To surrender the 2005 Honda Element | Explain below **how** the plan is being modified:<br>To surrender the 2005 Honda Element |
|---|---|

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: March 31, 2020                                    /s/ Margarita Ramos
                                                        Debtor

Date: _____                            /s/ _____
                                                        Joint Debtor

Date: March 31, 2020                                    /s/ Moshe Rothenberg, Esq.
                                                        Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:  
Margarita Ramos  
    Debtor

Case No. 18-22192-ABA  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1      User: admin             Page 1 of 2              Date Rcvd: Mar 31, 2020
                      Form ID: pdf901         Total Noticed: 32

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 02, 2020.
```
db             +Margarita Ramos,    800 College Drive Lot 133,    Vineland, NJ 08360-7460
cr            ++CREDIT ACCEPTANCE CORPORATION,    25505 WEST 12 MILE ROAD,    SOUTHFIELD MI 48034-8316
                 (address filed with court: Credit Acceptance Corporation,    25505 West 12 Mile Road,
                 Southfield, MI   48034)
517595763      Bankcard Services,    PO Box 447,    Beaverton, OR 97075-0447
517709271      Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
517595765      Card Services,    PO Box 13337,    Philadelphia, PA 19101-3337
517595768      Delsea Woods Mobile Home Park,    800 College Dr,    Vineland, NJ 08360-7455
517595770      First Soure Advantage,    205 Bryant Woods S,    Amherst, NY 14228-3609
517595771      Guardian Protection Services,    PO Box 37751,    Philadelphia, PA 19101-5051
517595772      Homeplus Finance,    600 Lairport St,    El Segundo, CA 90245-5004
517709905      Jose Orama,    800 College Dr Unit 133,    Vineland, NJ 08360-7460
517595776      Nations Recovery Centre,    PO Box 620130,    Atlanta, GA 30362-2130
517651648     +Prober & Raphael,    20750 Ventura Blvd Ste 100,    Woodland Hills, CA 91364-6207
517647263     +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
517705872      eCAST Settlement Corporation,    PO Box 29262,    New York NY 10087-9262
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Apr 01 2020 02:44:35     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 01 2020 02:44:31     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517623372      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 01 2020 02:48:55
                 Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
517595764      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 01 2020 02:48:55     Capital One Bank USA,
                 PO Box 30281,    Salt Lake City, UT 84130-0281
517595767      E-mail/PDF: creditonebknotifications@resurgent.com Apr 01 2020 02:48:15     Credit One Bank,
                 PO Box 98873,    Las Vegas, NV 89193-8873
517595769      E-mail/Text: bnc-bluestem@quantum3group.com Apr 01 2020 02:45:06     Fingerhut,    PO Box 166,
                 Newark, NJ 07101-0166
517595773      E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Apr 01 2020 02:44:18     Kay Jewelers,
                 PO Box 659728,    San Antonio, TX 78265-9728
517595774      E-mail/Text: bncnotices@becket-lee.com Apr 01 2020 02:43:52     Kohls,    PO Box 2983,
                 Milwaukee, WI 53201-2983
517664890      E-mail/PDF: resurgentbknotifications@resurgent.com Apr 01 2020 03:07:05
                 LVNV Funding, LLC its successors and assigns as,    assignee of MHC Receivables, LLC and,
                 FNBM, LLC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517685837     +E-mail/Text: bankruptcydpt@mcmcg.com Apr 01 2020 02:44:30     Midland Funding LLC,
                 PO Box 2011,    Warren, MI 48090-2011
517711893      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 01 2020 02:48:55
                 Portfolio Recovery Associates, LLC,    c/o Barclaycard,    POB 41067,    Norfolk VA 23541
517669354      E-mail/Text: bnc-quantum@quantum3group.com Apr 01 2020 02:44:24
                 Quantum3 Group LLC as agent for,    Credit Corp Solutions Inc,    PO Box 788,
                 Kirkland, WA 98083-0788
517707032      E-mail/Text: bnc-quantum@quantum3group.com Apr 01 2020 02:44:23
                 Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA 98083-0788
517707033      E-mail/Text: bnc-quantum@quantum3group.com Apr 01 2020 02:44:24
                 Quantum3 Group LLC as agent for,    Comenity Capital Bank,    PO Box 788,
                 Kirkland, WA 98083-0788
517595777      E-mail/Text: appebnmailbox@sprint.com Apr 01 2020 02:44:27     Sprint Corporation,
                 Bankruptcy Department,    PO Box 3326,    Englewood, CO 80155-3326
517595778      E-mail/PDF: gecsedi@recoverycorp.com Apr 01 2020 02:49:29     Synchrony Bank,    PO Box 530948,
                 Atlanta, GA 30353-0948
517599341     +E-mail/PDF: gecsedi@recoverycorp.com Apr 01 2020 02:48:10     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517595779      E-mail/PDF: gecsedi@recoverycorp.com Apr 01 2020 02:48:09     Synchrony Bank,    PO Box 965007,
                 Orlando, FL 32896-5007
                                                                                              TOTAL: 18

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517595766*    ++CREDIT ACCEPTANCE CORPORATION,    25505 WEST 12 MILE ROAD,    SOUTHFIELD MI 48034-8316
                 (address filed with court: Credit Acceptance,    25505 W 12 Mile Rd,
                 Southfield, MI 48034-1846)
517669644*    +Homeplus Finance Corporation,    600 Lairport Street,    El Segundo, CA 90245-5004
517713122*     Jose Orama,    800 College Dr Unit 133,    Vineland, NJ 08360-7460
517595775    ##Mitchelll feinstein,    2121 Rosecrans Ave Ste 2320,    El Segundo, CA 90245-4744
                                                                                  TOTALS: 0, * 3, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-1          User: admin              Page 2 of 2                  Date Rcvd: Mar 31, 2020
                              Form ID: pdf901          Total Noticed: 32
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 02, 2020                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 31, 2020 at the address(es) listed below:

```
          Denise E. Carlon    on behalf of Creditor   Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
          John R. Morton, Jr.    on behalf of Creditor   Credit Acceptance Corporation
           ecfmail@mortoncraig.com, mortoncraigecf@gmail.com
          Moshe Rothenberg    on behalf of Debtor Margarita  Ramos moshe@mosherothenberg.com,
           alyson@mosherothenberg.com;ajohn880@gmail.com
          Rebecca Ann Solarz    on behalf of Creditor   Toyota Motor Credit Corporation
           rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```